FILED

SCANNED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

2011 SEP -8 PM 3: 10

STEPHEN R. LUDWIG, CLERK
U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT
OF INDIANA

| | |
|---|---|
| LONA BUTTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:11CV314 RL |
| ) | |
| CONTINENTAL ENTERPRISES, INC., ) | |
| a/k/a CONTINENTAL INTERNATIONAL, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff alleges against Defendant that:

1. Plaintiff is Lona B. Butts, a resident of Garrett Indiana, but who at all material times from about April 1980 through about April 23, 2010, worked for the Defendant Continental International at its Hanna Street location in Fort Wayne Indiana.

2. Defendant Continental Enterprises, Inc., a/k/a Continental International is located at 6327 South Hanna Street, Fort Wayne Indiana 46816. Continental International is an employer for purposes of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12111 *et seq.* ("ADA") and employs 15 or more employees throughout each week of the current and preceding calendar year. Defendant's Registered Agent is Ronald Clem, 6327 South Hanna Street, Fort Wayne Indiana 46816.

3. Plaintiff filed an Amended Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 24D-2010-00378 on or about October 19, 2010, a copy of which is attached hereto, made a part hereof and incorporated herein as Exhibit "A". Plaintiff filed her original Charge of Discrimination on or about July 20, 2010 (Exhibit "B"). The EEOC issued a

Dismissal and Notice of Rights/Notice of Suit Rights on or about June 13, 2011, received by Plaintiff on or about June 14, 2011 (Exhibit "C"), and this Complaint has been filed within ninety (90) days after receipt thereof.

4. In support of her discrimination and retaliatory discharge claims under the ADA, Plaintiff alleges as follows:

   a. Plaintiff incorporates herein the information contained in Charges "A" and "B";

   b. Plaintiff had a variety of physical maladies and serious health conditions which substantially interfered with her ability to perform everyday life activities such as staying awake, working, remaining conscious, thinking, interacting with others (Plaintiff suffered from sleep apnea, narcolepsy, diabetes, anxiety, depression);

   c. Plaintiff always kept her employer informed of her medical conditions and requested the accommodation of being granted short term disability leave, and she informed her employer that she had every intention of returning and indicated to her employer that she could return a month early because she was released by her psychiatrist;

   d. Defendant (through its President), rather than immediately accept Plaintiff back to work, sent her an organizational chart indicating that her position was "TBD", meaning "to be determined";

   e. The next day (around April 23 or 24, 2010), the President told Plaintiff that she could not come back at all, which Plaintiff took to mean that she was terminated.

5. Plaintiff alleges that she was discriminated on the basis of her disability and terminated

on account of her disability under the ADA, or that she perceived and regarded as being disabled or that she was discriminated against and discharged because of her record of impairment.

6. Plaintiff alleges that she was subjected to a hostile work environment and was harassed because of her disability, in violation of the ADA in that:

   a. During her employment, she was continuously harassed, belittled and verbally abused by Dave Therkelsen, V.P. of sales, who frequently and repeatedly swore and yelled at Plaintiff in front of her subordinates, but he did not do this to employees who did not suffer from maladies and had physical conditions similar to Plaintiff's;

   b. Plaintiff repeatedly complained to the owner of Defendant, Ron Clem, at least three (3) times between June 2008 and March 2010, but he failed to take any remedial or corrective action to end the abuse and hostile work environment;

   c. As a result of the hostility and abuse caused by the harassment and bullying by Therkelsen and because of her ADA conditions and impairments, Plaintiff began her short term medical leave on or about March 12, 2010, as Plaintiff was entitled to a ninety (90) day Leave of Absence pursuant to Defendant's Employee Polices;

   d. Around April 23, 2010, Plaintiff received an e-mail from Clem stating that he would pay her three (3) months of pay, thus terminating her employment; this was pursuant to a promise entered into between Plaintiff and Clem/Defendant by which if she was ever terminated, then she would receive three (3) months of severance pay, an agreement which was made in 1987 and which Plaintiff

relied upon to continue her employment with Defendant.

7. Around April 19, 2010, Plaintiff received an e-mail from Clem regarding her serious medical conditions/ADA impairments/conditions, telling Plaintiff that she could take more time off to recover, but then on April 28, 2010, Plaintiff received another e-mail from Clem about her medical condition being posted for all employees to see, which invaded Plaintiff's privacy and which caused Plaintiff to suffer emotional distress intentionally and/or negligently inflicted by Defendant.

8. In opposition to the ADA, Defendant failed to engage in the interactive process and to provide Plaintiff reasonable accommodations and/or retaliated against Plaintiff for requesting a reasonable accommodation (leave of absence) and punishing her for engaging in protected conduct under the ADA by terminating her upon her attempted return to work after taking the leave, which was initially granted by Defendant.

9. Plaintiff alleges that she was discriminated against and fired on account of her age (about 58 years old at time of discharge), in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* ("ADEA"), because Defendant did not treat younger employees in the manner in which she was treated, and on information and belief, Plaintiff alleges that Defendant replaced her with someone who was substantially younger than herself.

10. Defendant intentionally and/or negligently caused Plaintiff extreme emotional distress and mental anguish in that she was intentionally bullied, mentally and verbally abused by Therkelsen, an agent and employee of Defendant's which is liable under the doctrine of *respondeat superior*, and which by its in-action, caused Plaintiff to suffer extreme emotional distress, mental anguish and humiliation, all of which is recoverable

to Plaintiff as a result of Defendant's intentional infliction of emotional distress.

11. Plaintiff alleges that Defendant violated its promise and contract with Plaintiff to pay her three (3) months of severance pay upon her termination, which comes to about $16,637.00. Defendant not only agreed to pay Plaintiff this amount, but actually paid Plaintiff one-third (1/3) of this agreed-to amount on or about July 7, 2010, but failed to complete the contract and remit the balance to Plaintiff. This unlawful retention of contractual severance pay benefits amounts to theft by the wrongful withholding of monies, thus Plaintiff is entitled to treble damages, plus attorney's fees and costs under Indiana Statute.

12. As a direct and proximate cause of Defendant's wrongful termination of Plaintiff, Plaintiff has suffered a loss of her job and job-related benefits including income. Plaintiff has also suffered inconvenience damages, emotional distress, humiliation, mental anguish, anxiety, embarrassment and other damages and injuries.

13. Defendant's wrongful termination of Plaintiff on account of her disability and/or age was intentional and in reckless disregard of Plaintiff's federally protected civil rights under the ADA and/or ADEA, warranting an imposition of compensatory and/or punitive/liquidated damages.

WHEREFORE, Plaintiff prays for judgment against Defendant for compensatory damages, punitive damages, liquidated damages, reasonable attorney's fees and costs, and any and all other appropriate relief in the premises.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**CHRISTOPHER C. MYERS & ASSOCIATES**

_____
Christopher C. Myers, #10043-02

_____
Ilene M. Smith, #22818-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN   46802
Telephone:	(260) 424-0600
Facsimile:	(260) 424-0712
E-mail:	cmyers@myers-law.com
	ismith@myers-law.com
Counsel for Plaintiff

CCM/js
S:\Butts, Lona\Pleadings\Complaint.docx

| AMENDED CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | AGENCY<br>■ FEPA<br>■ EEOC | CHARGE NUMBER<br>EO-0126-A10<br>24D-2010-00378 |
|---|---|---|

## METROPOLITAN HUMAN RELATIONS COMMISSION

| NAME (Indicate Mr., Ms., Mrs.)<br>Lona B. Butts | HOME TELEPHONE (Include Area Code)<br>(260) 357-3653 | |
|---|---|---|
| STREET ADDRESS<br>115 W. King St. | CITY, STATE AND ZIP CODE<br>Garrett, IN 46738 | DATE OF BIRTH |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME<br>Continental International, Inc. d/b/a Continental International | NUMBER OF EMPLOYEES, MEMBERS<br>15-100 | TELEPHONE (Include Area Code)<br>(260) 447-7000 |
|---|---|---|
| STREET ADDRESS<br>6327 S. Hanna Street | CITY, STATE AND ZIP CODE<br>Fort Wayne, IN 46816 | COUNTY<br>Allen |
| NAME | TELEPHONE NUMBER (Include Area Code) | |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))
☐ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ AGE
■ RETALIATION   ☐ NATIONAL ORIGIN   ■ DISABILITY   OTHER (specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST 4/23/10   LATEST 5/20/10
■ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. The Complainant, Lona Butts, is a qualified employee with serious health conditions, who was also over the age of forty years old, at all material times to this Charge. Complainant alleges that she was discriminated against by the Respondent, due to her disability/perceived disability/record of impairment, and/or age. This was in violation of Complainant's rights under the Americans with Disabilities Act of 1990, 42 U.S.C. § 1211 et seq. ("ADA"). (Claimant also alleges that the Respondent is in breach of a contract it had with Complainant to pay her three months severance pay upon her separation from employment.)

II. The Respondent is Continental International, Inc., d/b/a Continental International. The Respondent is an "employer" for the purposes of the ADA.

III. The Complainant worked for the Respondent since April 1980, and was the Vice President of Operations at the time of her separation from employment. During her employment, she was continuously harassed, belittled, and verbally abused by the VP of sales, Dave Therkelsen ("Therkelsen"), who frequently swore and yelled at the Complainant, including in front of her subordinates. Complainant reported the harassment to Respondent's owner, Ron Clem ("Clem") at least three times between June 2008 and March 2010, but he failed to take adequate and appropriate steps to end the abuse.

"continued"

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements)<br>Susan C. Neff<br>Resident of Adams County   My Commission Expires: 4/7/2016<br>I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct.<br>Lona B. Butts<br>Date: 10/19/2010   Charging Party (Signature) | SIGNATURE OF COMPLAINANT<br>Lona B Butts<br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Date, month, and year) 19th of October, 2010 |

Ex A

Charge of Discrimination

Re:   Lona Butts

IV. Thurkelsen's harassment and abuse took a serious toll on Complainant's physical and emotional health. Complainant requested a ninety (90) day Leave of Absence, which she was entitled to under the Respondent's company policy. On March 12, 2010, the Complainant began short term medical leave, because of Therkelsen's harassing and intolerable behavior and its effect on her.

V. While on short term disability, the Complainant received an e-mail from Clem, informing her that she was not to return back to work until Clem returned from vacation on June 7, 2010. On April 23, 2010, Complainant received another e-mail from Clem, stating he would pay her three months pay, thereby terminating her employment. The promise was pursuant to a prior agreement between Respondent/Clem, and the Complainant, by which if she was ever terminated, Respondent was to pay her three months severance pay. The original agreement, made in approximately 1987, was made as an enticement to Complainant, and was upon the condition that she continue in her employment with Respondent at the time.

VI. On April 19, 2010, the Complainant received yet another e-mail from Clem, regarding her serious medical condition/disability/perceived disability, and telling Complainant she should take more time off to recover. Then, on April 28, 2010, she received another e-mail from Clem, about her medical condition being posted for all employees to see.

VII. Complainant was never permitted to return back to work, and was ultimately terminated, on or about April 23, 2010. The proffered reason for termination was that other employees would allegedly quit, if Complainant returned. Complainant however contends that the proffered reason for termination was false and pretextual, and that the real reason she was terminated was because she suffered from a disability/perceived disability/record of impairment.

VIII. In the alternative, the Complainant alleges she was retaliated against for reporting harassment and that she was targeted for his harassment because of her serious health condition/disability/perceived disability/record of impairment.

IX. Respondent's conduct violated the Complainant's federally protected rights under the ADA, as well as her rights under Fort Wayne Indiana Ordinance G21-78.

X. As a result of the Respondent's discriminatory and/or retaliatory conduct towards the Complainant, she suffered the loss of her job and job related benefits including income, as well as mental anguish, inconvenience, emotional distress, and other injuries.

XI. In addition, Claimant never received the agreed-to three months' severance pay from Respondent; Respondent only paid her one third the agreed-to amount, which occurred on July 7, 2010. (The full amount owed to Complainant under the agreement was approximately $16,637.00).

*LBB*
Initials

2

# City of Fort Wayne Metro Human Relations Commission and EEOC

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Lona B. Butts | (260) 357-3653 | |

| Street Address | City, State and ZIP Code |
|---|---|
| 1115 W. King Street, Garrett, IN 46738 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| CONTINENTIAL INTERNATIONAL | 15 - 100 | (260) 447-7000 |

| Street Address | City, State and ZIP Code |
|---|---|
| 6327 S. Hanna Street, Fort Wayne, IN 46816 | |

**DISCRIMINATION BASED ON** (Check appropriate box(es).)

[ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[X] RETALIATION  [ ] AGE  [X] DISABILITY  [ ] GENETIC INFORMATION
[ ] OTHER (Specify)

**DATE(S) DISCRIMINATION TOOK PLACE**
Earliest: 04-23-2010  Latest: 05-20-2010

[ ] CONTINUING ACTION

**THE PARTICULARS ARE** (If additional paper is needed, attach extra sheet(s)):

I am a qualified disabled individual who was hired at Continental International in April of 1980, as the VP of Operations. VP of Sales, Dave Therkelsen ("Therkelsen") continuously harassed me by swearing and yelling at me in the presences of my subordinate. I reported the harassment to Owner, Ron Clem ("Clem") and nothing was done. On March 12, 2010, I went on short-term medical leave due to Therkelsen's harassing and intolerable behavior toward me. While on short-term disability I received an email from Clem that I was not to return back to work until he returned from vacation on June 7, 2010. On April 23, 2010, I received another email from Clem that he would pay me three (3) months severance thereby terminating my employment. On April 19, 2010, I received an email from Clem regarding my disability and that I should take more time off to recover. On April 28, 2010, I received another email from Clem about my medical condition being posted for all employees. On July 7, 2010, I finally received one-third of the three months severance pay.

For these reasons, I believe I have been discriminated on the basis of my disability in violation of the American's with Disabilities Act of 2008 and retaliated against for reporting harassing behavior in violation of Title VII of the Civil rights Act of 1964, as amended and Fort Wayne Ordinance G21-78.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Jul 20, 2010  /s/ Lona B. Butts
Date  Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT
/s/ Lona B. Butts

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)
7/20/2010

NOTARY PUBLIC STATE OF INDIANA

Ex B

EEOC Form 161 (10/08)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Lona B. Butts<br>1115 W. King Street<br>Garrett, IN 46738<br><br>Christopher C. Myers, Attorney<br>809 S. Calhoun Street, Suite 400<br>Fort Wayne, IN 46802 | From: | Indianapolis District Office<br>101 West Ohio St<br>Suite 1900<br>Indianapolis, IN 46204 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 24D-2010-00378 | Ethel M. Harmon,<br>State & Local Program Manager | (317) 226-6144 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Webster N. Smith     JUN 1 3 2011

Enclosures(s)     **Webster N. Smith,**<br>**District Director**     (Date Mailed)

cc:    **CONTINENTAL INTERNATIONAL**<br>c/o Ron Clem/Cindy Willour, HR<br>6327 S. Hanna Street<br>Fort Wayne, IN 46816

Ex C